UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>EIKE BLOHM, )<br>    Defendant. ) | Docket No. 2:20-mj-64 |

**MOTION FOR DETENTION**

NOW COMES the United States of America, by and through its attorney, Christina E. Nolan, United States Attorney for the District of Vermont moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility for Detention</u>.  This defendant is eligible for detention because the case involves a serious risk that defendant will flee and he presents a serious danger to the community.

2. <u>Reason For Detention</u>.  The Court should detain the defendant because there exists no combination of conditions of release which will reasonably assure the defendant's appearance as required or ensure the safety of the community.

Blohm is a danger to the community.  He has an obvious sexual interest in children and a willingness to victimize them.  As detailed in the complaint affidavit, Blohm victimized a child by producing multiple videos depicting child pornography of that child.  His sexual interest in children and dangerousness is further evidenced by his collection of child pornography.  By having that collection, of course, Blohm victimized each child depicted in those images.

But Blohm's offensive conduct was not limited to victimizing children.  The affidavit details that he surreptitiously hid a camera in at least one employee bathroom at the UVM

Medical Center (UVM MC).  Blohm created approximately 900 videos of an unknown number of employees.  Blohm did this while the UVM MC employees were laboring to save the lives of Vermonters during a global pandemic.  To do this while these employees were under the stress of risking their lives, and the lives of their families, by simply going to work, demonstrates an appalling lack of compassion.  That callous, selfish willingness to exploit his unaware coworkers for his own sexual gratification at a time of maximum vulnerability for them is consistent with his willingness to sexually exploit innocent children.  Blohm poses a clear, demonstrated, and ongoing risk of harm to all members of the community.

      The evidence that supports the charges in the complaint is exceptionally strong.  The evidence of Blohm's production of child pornography was found on a MicroSD card.  On this device, Blohm can be seen setting up the camera multiple times in multiple locations.  Indeed, the camera captured him wearing his employee nametag on at least one occasion.  The child pornography he produced was produced in a location known to law enforcement and of a child who was unaware that she was being filmed.  There were other images of child pornography found on Blohm's iPad.  The strength of the evidence weighs in favor of detention.

      Blohm presents a significant flight risk as well.  He is a dual U.S. and German citizen. He has the ability to live outside the United States.  He has significant financial resources.  His ties to the local community are tenuous at best.  As part of its investigation into Blohm's conduct, the State of Vermont's Department of Children and Families has barred Blohm from residing in the family home.  That led Blohm to purchase (for cash, which provides a sense of his financial resources) an RV in which he is currently living.  An RV would provide an excellent means of escape and concealment should Blohm to decide to flee.  The government has been informed that Blohm's employment at UVM MC was terminated for cause this morning.  His

wife and other family members are expected to move out of state. His home is currently listed for sale. If convicted of the charges in the complaint, Blohm faces a 15-year mandatory minimum term of imprisonment. Experiencing the precipitous fall from successful doctor to inmate in federal prison may be too much for Blohm and, given the foregoing, makes it very likely that he would choose to flee. He presents a significant risk of flight.

To ensure his appearance and protect the public from his continuing offensive conduct, Blohm should be detained.

3. <u>Rebuttable Presumption</u>. The United States will not invoke the rebuttable presumption against defendant under § 3142(e).

4. <u>Time For Detention Hearing</u>. The United States requests the court conduct the detention hearing at his initial appearance.

5. <u>Additional matters.</u> In the event the Court denies the instant motion and orders Blohm released on conditions, which would have to include the mandatory Adam Walsh conditions, the government will ask that Blohm post a significant cash bond secured by real property.

Dated at Burlington, Vermont, this 22nd day of May, 2020.

Respectfully submitted,

CHRISTINA E. NOLAN
United States Attorney

By: */s/ Barbara A. Masterson*
BARBARA A. MASTERSON
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402
(802) 951-6725